1

2

3

4                              UNITED STATES DISTRICT COURT

5                            NORTHERN DISTRICT OF CALIFORNIA

6

7     UNITED STATES OF AMERICA,                    Case No. 17-cr-00614-JST-1

            Plaintiff,
8
                                                   **ORDER GRANTING MOTION FOR**
9         v.                                       **COMPASSIONATE RELEASE**

10    MAXWELL MASON,                                Re: ECF No. 40

            Defendant.
11

12

13          Before the Court is Defendant Maxwell Mason's motion for compassionate release.  ECF

14    No. 40.  The Court will grant the motion.

15          On April 21, 2018, Mason pleaded guilty to possession of a firearm as a felon, in violation

16    of 18 U.S.C. § 922(g)(1).  ECF No. 21.  On October 26, 2018, the Court sentenced Mason to 70

17    months of imprisonment and three years of supervised release, and ordered him to forfeit his

18    interest in the handgun, ammunition, and accessories.  ECF No. 36.  Mason is 27 years old, and is

19    currently in custody at Mendota FCI in Mendota, California with a projected release date of

20    November 17, 2022.  ECF No. 44 at 6.

21          On December 2, 2020, Mason submitted a motion for compassionate release pursuant to 18

22    U.S.C. § 3582.  ECF No. 40.  He argues that release is appropriate because his history of chronic

23    lung ailments puts him "at an increased risk for suffering serious complications, and even death,

24    from COVID-19 should he contract the virus."  *Id.* at 1.  He notes that he has already served more

25    than fifty percent of his sentence, and asks the Court to consider the harshness of prison conditions

26    during the COVID-19 pandemic.  *Id.* at 4-5.

27          The government opposes Mason's motion, ECF No. 44, arguing that (1) Mason's medical

28    conditions do not present an extraordinary and compelling reason warranting release, *id.* at 13, and

United States District Court
Northern District of California

United States District Court
Northern District of California

1   (2) he remains a danger to the community, *id.* at 16.  Mason filed a reply.  ECF No. 46.

2        Mason brings his motion under the compassionate release provision of 18

3   U.S.C. § 3582(c)(1)(A)(i), as amended by the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194

4   (Dec. 21, 2018), which added a provision to allow defendants, not only the Director of the Bureau

5   of Prisons ("BOP"), to file a motion for reduction of sentence.  *United States v. Eberhart*, 448 F.

6   Supp. 3d 1086, 1088 (N.D. Cal. Mar. 25, 2020).  The Court may order the modification of an

7   imposed prison sentence if, "after considering the factors set forth in section 3553(a) to the extent

8   that they are applicable," it finds that "extraordinary and compelling reasons" warrant a

9   modification, so long as the adjusted sentence remains "consistent with applicable policy

10  statements issued by the Sentencing Commission."  18 U.S.C. § 3582(c)(1)(A).  While "[g]eneral

11  concerns" about COVID-19 may be insufficient to establish "extraordinary and compelling

12  reasons" for a sentence modification, *Eberhart*, 448 F. Supp. 3d at 1086, the combination of an

13  inmate's chronic medical condition and the risk of contracting COVID-19 in a custodial setting

14  can satisfy that standard under some circumstances.  *See, e.g., United States v. Rodriguez*, No.

15  3:17-cr-4477-BTM, 2020 WL 4592833, at *2 (S.D. Cal. Aug. 5, 2020) (finding that defendant's

16  "combination of obesity, asthma, and major depressive disorder present extraordinary and

17  compelling reasons to grant her compassionate release").

18       Here, although the Government does not dispute any of Mason's medical history, Mason

19  and the Government disagree about the significance of his existing medical conditions.  *Compare*

20  ECF No. 40 at 7-8; ECF No. 46 at 3-4, *with* ECF No. 44 at 13-14.  The Government argues that

21  Mason's health conditions are "under control," based on his not having sought medical treatment

22  for respiratory issues during his incarceration.  ECF No. 44 at 13.  It disputes Mason's claim to

23  suffer from asthma, and contends that even if he does suffer from that disease, "there is no

24  evidence that defendant's asthma is 'moderate to severe,' such that it puts him at heightened risk

25  of severe illness related to COVID-19."  *Id.* at 13-14.

26       The Court finds that Mason has shown extraordinary and compelling reasons for release.

27  He submits persuasive evidence that his frequently recurring lung ailments are consistent with

28  chronic bronchitis, a form of COPD (chronic obstructive pulmonary disease).  ECF No. 40 at 7.

The Center for Disease Control explains that "[h]aving COPD (including emphysema and chronic bronchitis) is known to increase your risk of severe illness from COVID-19." Ctrs. for Disease Control and Prevention, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html#copd (last visited Dec. 31, 2020); *see also id.* ("Adults of any age with the following conditions *are at increased risk* of severe illness from the virus that causes COVID-19: . . . COPD." (emphasis in original)). The CDC's guidance does not confine this risk to COPD patients showing active symptoms or "signs of respiratory distress." *Cf.* ECF No. 44 at 13; *see also United States v. Juarez-Parra*, No. CR 11-0125 RB, 2020 WL 5645703, at *2 (D.N.M. Sept. 22, 2020) (rejecting the argument that the defendant's conditions were "under control," and noting that "the CDC states that individuals with these underlying conditions are at a greater risk; not only individuals with uncontrolled conditions."). And other courts have considered COPD and chronic respiratory issues like Mason's to present "extraordinary and compelling reasons" to reduce a defendant's sentence in light of the COVID-19 pandemic. *See, e.g., United States v. Bennen*, No. 17-cr-3431-MMA-3, 2020 WL 5968922, at *3 (S.D. Cal. Oct. 8, 2020) (finding that the defendant's respiratory illness put him at higher risk for complications from COVID-19, warranting his compassionate release); *United States v. Rich*, 471 F. Supp. 3d 441, 444-45, 447 (D.N.H. 2020) (finding defendant's "history of chronic bronchitis and other respiratory illnesses" "combined with the increased likelihood that he may contract the virus while [incarcerated] constitute[d] an extraordinary and compelling reason" for his release).

Mason also provides evidence that he has been treated for asthma. *Id.* at 7; ECF No. 43-2 at 54. The Government cites two cases for its argument that "there is no evidence that defendant's asthma is 'moderate to severe,' such that it puts him at heightened risk of severe illness related to COVID-19." ECF No. 44 at 14. These cases are distinguishable on their facts. In *Washington*, the court rejected the defendant's assertions that he "suffer[ed] from 'bronchial issues' and 'asthmatic problems,'" because the defendant's only evidence was "an affirmation from his mother." *United States v. Washington*, No. 14-cr-215, 2020 WL 1969301, at *4 (W.D.N.Y. Apr. 24, 2020). Because he provided no "medical evidence or the opinion of a physician," the court

United States District Court
Northern District of California

1    could not conclude "that COVID-19 poses 'increased lethality' to Washington." *Id.* By contrast,

2    Mason has provided medical records from each of the seven episodes of bronchitis, asthma, and

3    respiratory infections that he claims to have suffered. ECF No. 40 at 6; ECF Nos. 43-1; 43-2; 43-

4    3; 43-4.

5    In *Miller*, the court did consider that the defendant's asthma was not "moderate or severe,"

6    but also credited evidence in the medical records that the defendant's asthma was controlled with

7    medication. *United States v. Miller*, No. 18-cr-30034, 2020 WL 2093370, at *3 (C.D. Ill. May 1,

8    2020). Mason's medical records, in contrast, demonstrate that he continued to suffer from serious

9    lung ailments even after receiving treatment for his asthma. *See* ECF No. 40 at 6-7. In addition,

10   the *Miller* Court observed that there was not a single confirmed case of COVID-19 at the facility

11   where the defendant was housed. *Miller*, 2020 WL 2093370, at *2. But at FCI Mendota, where

12   Mason is serving his sentence, the Government acknowledges that 15 inmates have tested positive

13   for COVID-19.[1] ECF No. 44 at 16. In other words, "there is more than a mere speculative risk of

14   infection" for Mason at FCI Mendota. *See United States v. Brown,* No. CR 13-176-4, 2020 WL

15   6146620, at *3 (E.D. Pa. Oct. 20, 2020).

16   The Government's remaining argument is that Mason is a danger to the community based

17   on the circumstances of his arrest and "several disciplinary infractions" that Mason has received

18   while in custody. ECF No. 44 at 17. The United States Sentencing Guidelines policy statement

19   for a reduction in term of imprisonment under Section 3582(c)(1)(A) states that the court should

20   only reduce a prison sentence if "the defendant is not a danger to the safety of any other person or

21   to the community." U.S. Sentencing Guidelines Manual § 1B1.13(2) (U.S. Sentencing Comm'n

22   2018).[2] The Court acknowledges the facts surrounding Mason's arrest, which were partially

23

24   [1] Mason states that "[a]s of November 3, 2020, FCI Mendota has had seventy-nine (79) positive
     cases." ECF No. 40 at 3. As of December 30, 2020, that facility had seven positive cases among
25   its residents and three among staff. Federal Bureau of Prisons: COVID-19 Coronavirus,
     https://www.bop.gov/coronavirus/index.jsp (last visited Dec. 30, 2020).
26

27   [2] "Courts are split on whether section 1B1.13 continues to control, as it has not been updated since
     the passage of the First Step Act." *United States v. Burrill*, 445 F. Supp. 3d 22, 24 n.2 (N.D. Cal.
28   2020); *compare United States v. Cantu*, 423 F. Supp. 3d 345, 347-48 (S.D. Tex. 2019), *with
     United States v. Ebbers*, 432 F. Supp. 3d 421, 429-30 (S.D.N.Y. 2020). "However, even courts

United States District Court
Northern District of California

United States District Court
Northern District of California

1   responsible for the length of the custodial sentence he received.  The Court also recognizes that

2   Mason has had three disciplinary issues during his time in custody, though these appear to be

3   minor, such as his participation in a demonstration related to inmate treatment in response to the

4   COVID-19 pandemic.  ECF No. 44 at 17; ECF No. 44-4.

5          On the other hand, his criminal history is not one of violence.  *See* ECF No. 28 at 8-11.

6   During his incarceration he has taken advantage of BOP programming, including anger

7   management and drug and alcohol abuse treatment, and has participated in continuing education

8   classes on a diverse range of topics.  ECF No. 40 at 11; ECF No. 46 at 5.  These considerations,

9   particularly in light of Mason's health, and subject to the conditions of close supervision that will

10  be imposed upon his release, lead the Court to conclude that Mason does not pose a danger to the

11  community.  And given that conclusion and the fact that Mason has served more than half of his

12  sentence, Court concludes that a modified sentence would satisfy the need to "reflect the

13  seriousness of the offense, to promote respect for the law, and to provide just punishment for the

14  offense," as well as to "afford adequate deterrence to criminal conduct," "protect the public from

15  further crimes of the defendant," and "provide the defendant with needed educational or

16  vocational training, medical care, or other correctional treatment in the most effective manner."

17  18 U.S.C. § 3553(a)(2).

18         For these reasons, the Court grants Mason's motion for compassionate release.  The

19  remaining portion of Mason's original term of imprisonment shall be served as a special term of

20  supervised release subject to the previously imposed conditions of supervised release imposed by

21  the Court at sentencing on October 21, 2018, and will be followed by the originally ordered three-

22  year term of supervised release.

23         There being a verified residence and an appropriate release plan in place, this order is

24  stayed for up to fourteen days to make appropriate travel arrangements and to ensure Mason's safe

25  release.  Mason shall be released as soon as appropriate travel arrangements are made and it is safe

26

27  which have found the provision to be outdated have held that it continues to provide 'helpful

28  guidance.'"  *Burrill*, 445 F. Supp. 3d at 24 n.2 (quoting *United States v. Beck*, 425 F. Supp. 3d
    573, 579 (M.D.N.C. 2019)).

1    for him to travel.  There shall be no delay in ensuring travel arrangements are made.  If more than

2    fourteen days are needed to make appropriate travel arrangements and ensure Mason's safe

3    release, the parties shall immediately notify the Court and show cause why the stay should be

4    extended.

5        **IT IS SO ORDERED.**

6    Dated: December 31, 2020



7                                                    JON S. TIGAR
8                                                    United States District Judge